```
1  McGREGOR W. SCOTT
   United States Attorney
2  DANIEL S. LINHARDT
   Assistant U.S. Attorney
3  501 I Street, Suite 10-100
   Sacramento, California 95814
4  Telephone: (916) 554-2770
```

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CR S - 04-026 WBS |
| Plaintiff, ) | ORDER |
| v. ) | |
| SUSAN E. D'ORTA, ) aka Susan Mason, and ) JAMES E. BLEDSOE, ) | |
| Defendants. ) | |

On July 27, 2005, this case came before the Court for a status conference. The United States was represented by Assistant United States Attorney, Daniel S. Linhardt, and the defendants were represented by Assistant Federal Defender, Matthew Bockmon appearing on behalf of his client James Bledsoe and specially on behalf of Susan D'Orta. During the hearing, the question of the subpoenas that the defendants had requested under Rule 17(c) of Federal Rules of Criminal Procedure was discussed. Mr. Bockman represented on behalf of both defendants that defendants waived any right to have the question of the Rule 17(c) subpoenas considered ex parte. The parties agreed that defendants would have until August 19, 2005, to

1

1  file a written motion for Rule 17(c)subpoenas, that the government
2  would have until September 2, 2005, to respond and the defendants
3  would have until September 9, 2005, to file any replies.  It was
4  agreed that a hearing on the defendants' motions would be held on
5  September 19, 2005, at 1:30 p.m. with a status hearing to follow on
6  September 21, 2005.  The parties agreed that the time between July
7  27, 2005 and September 21, 2005 would be excluded from the time
8  period in which the trial of the defendants must take place since
9  the motion of the defendants  would cover the period from July 27,
10 2005 through September 19, 2005, with the day of September 20, 2005
11 excluded in order for counsel to prepare for the status hearing on
12 the September 21, 2005.  It is therefore,
13     ORDERED that (1) defendants' ex parte requests for Rule 17(c)
14 subpoenas are denied without prejudice to defendants requesting such
15 subpoenas by written motion, and (2) that the time period for the
16 submission of defendants' written motions for Rule 17(c) subpoenas,
17 the government's response and defendants' replies are the time
18 periods set forth in the preceding paragraph and that time is
19 excluded from July 27, 2005 through September 19, 2005 because of
20 the pendency of the defendants' motions pursuant to 18 U.S.C. §
21 3161(h)(F) and that the time between the hearing on defendants'
22 motions and the status conference on September 21, 2005 is excluded
23 from the time during which the trial in this action must take place
24 in order to give counsel time to prepare for the status conference
25 and therefore time is excluded pursuant to 18 U.S.C. § 3161(h)(8)(A)
26 and that the Court finds that the ends of justice served by the
27 ///
28 ///

2

1 granting of this one day continuance outweigh the best interests of
2 the public and the defendants in a speedy trial.
3 DATED: July 29, 2005

*William B. Shubb*
WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE