DWIGHT M. SAMUEL (CA SB# 054486)
A Professional Corporation
117 J Street, Suite 202
Sacramento, California 95814-2282
E-Mail: dmsamuel@oldsaclaw.com
Telephone: (916) 447-1193

Attorney for Defendant
SUSAN E. D'ORTA

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> SUSAN E. D'ORTA ) <br> ) <br> Defendant. ) <br> _____ ) | CASE NO.: CR.S-04-0026 WBS <br><br> ~~PROPOSED~~ STIPULATION AND ORDER TO RE: EXCLUDABLE TIME |

Comes now Defendant Susan E. D'Orta, by and through her attorney, Dwight M. Samuel and counsel for the Government, Daniel Lindhart, to request the court make a ruling of excludable time under the speedy trial act (18 U.S. C. § 3161) in the above enumerated case.

The motion is based upon the declaration of Dwight M. Samuel and the attached points and authorities.

Defendant seeks to exclude time from the date of November 23, 2005 through and including February 9, 2006 which is the next status conference.

///

Both parties stipulate this motion is based upon the need for attorney preparation which is excludable time under local code T-2 ( 18 U.S.C. § 3161(h)(8)(b)(ii)). In addition, both parties stipulate that the court may continue to rule that this case is complex and time may be excluded under this theory pursuant to local rule T-4.

Dated: November 23, 2005

___/S/_____
DWIGHT M. SAMUEL
Attorney for Defendant
SUSAN D'ORTA aka SUSAN DUPREE

Dated: November 23, 2005

___/S/_____
Daniel Lindhart
AUSA
(Signed per Telephonic Authorization)

IT IS SO ORDERED.

DATED:  November 28, 2005

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

**Points and Authorities**

18 U.S.C. 3161

(B) The factors, among others, which a judge shall consider in determining whether to grant a continuance under subparagraph (A) of this paragraph in any case are as follows:

(i) Whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice.

(ii) Whether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section.

iv) Whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), would deny the defendant reasonable time to obtain counsel, would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

See e.g. *United States v. Lloyd*, 125 F.3d1263 (9th Cir. 1997); *United States v. Engstrom*, 7 F.3d 1423 (9th Cir. 1993); *United States v. Perez-Reveles*, 715 F.2d 1348 (9th Cir. 1983).

Time resulting from discovery motions filed by one of two codefendants was excludable for speedy trial purposes with respect to both defendants. *U.S. v. Mayes*, D.Kan.1989, 729 F.Supp. 87, on subsequent appeal 917 F.2d 457, certiorari denied 111 S.Ct. 1087, 498 U.S. 1125, 112 L.Ed.2d 1192, post- conviction relief denied 844 F.Supp. 677, affirmed 36 F.3d 1106, appeal dismissed 124 F.3d 218.

Dated: November 23, 2005

_____/S/_____
DWIGHT M. SAMUEL
Attorney for Defendant
SUSAN D'ORTA aka SUSAN DUPREE