UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

UNITED STATES OF AMERICA,

        Plaintiff,

   v.

SUSAN E. D'ORTA-BLEDSOE,

        Defendant.
_____/

NO. CR. S-04-0026 WBS

ORDER

----oo0oo----

        Defendant Susan E. D'Orta-Bledsoe now moves for "modification or reduction of sentence based upon intervening change in the United States Sentencing Guidelines pertaining to corollary criminal history category (Amendment 12) which effectively lowers petitioner's term of imprisonment."

        In her reply to the government's opposition to the motion, D'Orta-Bledsoe seems to concede that her reference to

Amendment 12[1] was meant to refer to Amendment 709, which was enacted in 2008 and affects the calculation of criminal history. Because she was sentenced on January 14, 2008, D'Orta-Bledsoe contends Amendment applies to her case. Assuming it does, D'Orta-Bledsoe does not suggest how the Amendment might have affected the calculation of the criminal history in her case.

Further, as D'Orta-Bledsoe acknowledges, the Supreme Court had decided United States ve. Booker, 543 U.S. 220 (2005) before her sentence, thus rendering the guidelines advisory only. The sentence imposed was the sentence the court found to be sufficient, but not greater than necessary, to satisfy the various factors in 18 U.S.C. § 3553(a), regardless of whether Amendment 709 specifically applied to her case.

IT IS THEREFORE ORDERED that defendant's motion for modification or reduction of sentence based upon alleged intervening change in the United States Sentencing Guidelines be, and the same hereby is, DENIED.

DATED:   December 22, 2008

_____
WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

---

[1] Amendment 12, which became effective on January 15, 1988, clarified § 2B2.1(b)(2) regarding the determination of loss. United States v. White Lightening, 2008 WL 4922360 (D.N.D).

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28